

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JARVIS DUGAS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-302 |
| § | |
| THE UNITED STATES OF AMERICA, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

Plaintiff Jarvis Dugas is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

For purposes of screening and the reasons set forth below, the Court dismisses Plaintiff's complaint with prejudice as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The dismissal of this case shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

### I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## II. PROCEDURAL BACKGROUND

Plaintiff, who is currently housed at the Jester IV Unit in Richmond, Texas, sues the following defendants in his complaint: (1) the United States of America; (2) the State of Texas; (3) The Judicial System for Texas; (4) the Southern District of Texas Court House; (5) Ken Paxton, Attorney General of the State of Texas; (5) Magistrate Judge B. Janice Ellington; (6) Erick Echavarry; (7) Donna Pfannstiel; and (8) David J. Bradley, Clerk of Court for the Southern District of Texas. Plaintiff's allegations arise in connection with his dissatisfaction over Magistrate Judge Ellington's rulings and recommendations issued in two prior civil rights cases filed by him, *Dugas v. Quintero*, 2:17-CV-48 and *Dugas v. Texas*, 2:19-CV-16.

Plaintiff alleges that Judge Ellington's decisions in Case No. 2:17-CV-48 were erroneous and deprived him of a fair trial. He specifically challenges the decision to grant summary judgment in favor of Pfannstiel and Echavarry, two defendants sued in Case No. 2:17-CV-48. With regard to Case No. 2:19-CV-16, Plaintiff disagrees with Judge Ellington's rejection of his claims at the screening stage. Plaintiff seeks injunctive and monetary relief.

## III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (citation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (citation omitted). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). (citation omitted). A plaintiff must allege sufficient

facts in support of its legal conclusions that give rise to a reasonable inference that the defendant is liable. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The factual allegations must raise the plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555 (citation omitted). As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, the plaintiff's claim should not be dismissed. *Id.* at 555–56.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988) (citation omitted). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002) (citation omitted).

## IV. DISCUSSION

### A. Judge Ellington

Plaintiff's allegations center on his dissatisfaction with Judge Ellington's rulings in two prior cases filed by him. However, "federal judges are absolutely immune from suit with respect to 'acts committed within their judicial jurisdiction.'" *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson*, 386 U.S. at 553–54. In addition, federal judges are immune from suit for claims seeking equitable or injunctive relief. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984); *Soniat v. Dep't of Hous. & Urban Dev.*, No. 4:16-CV-337, 2016 WL 11200725, at *2 (E.D. Tex. Dec. 16, 2016).

In this case, Plaintiff does not complain of any actions taken by Judge Ellington that were nonjudicial in nature. Because Plaintiff attacks rulings Judge Ellington made within her judicial jurisdiction, she is immune from suit seeking either monetary or injunctive relief. Plaintiff, therefore, fails to state a claim for relief against Judge Ellington.

### B. The United States

Plaintiff alleges no specific facts in support of any § 1983 claim against the United States. Furthermore, pursuant to the doctrine of sovereign immunity, "the United States of America may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (citations omitted). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).

The United States has not waived its sovereign immunity for claims alleging constitutional violations. *See Bacon v. United States*, No. 2:13-CV-392, 2014 WL 12531093, at *3 (S.D. Tex. Sept. 22, 2014). Accordingly, the United States is immune from suit under § 1983. *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (per curiam) (recognizing that "suits against the United States brought under the civil rights statutes are barred by sovereign immunity"). Accordingly, Plaintiff has failed to state a claim for relief against the United States.

### C. The Southern District of Texas Court House

Plaintiff alleges no specific facts in support of any § 1983 claim against a defendant named "The Southern District of Texas Court House." Furthermore, the defendant described by Plaintiff as a federal courthouse is a building and is not, therefore, an entity capable of being sued. *See Norris v. Ohio*, No. 1:12-cv-811, 2012 WL 5385614, at *2 (S.D. Ohio Nov. 1, 2012). Accordingly, Plaintiff has failed to state a claim for relief against this defendant.

### D. The State of Texas and the Judicial System for Texas

Plaintiff alleges no specific facts in support of any § 1983 claims against either the State of Texas or the Judicial System for Texas. Furthermore, the Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST.

amend XI. "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (citations omitted).

This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983 or 42 U.S.C. § 1985. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's claims against the State of Texas are barred by the Eleventh Amendment.

Plaintiff also seeks to sue a state entity described as the Judicial System for Texas. However, "[t]he Eleventh Amendment bars suit against state entities ... regardless of whether money damages or injunctive relief is sought under § 1983. *See Flaming v. Univ. of Tex. Med. Branch*, No. H-15-2222, 2016 WL 727941, at *5 (S.D. Tex. Feb. 24,

2016) (citing *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1988) and *Clay v. Tex. Women's Univ.*, 728 F.2d 714, 715-16 (5th Cir. 1984)). Accordingly, Plaintiff's claim against the Judicial System for Texas is barred by the Eleventh Amendment.

### E. Attorney General Paxton and Clerk of Court Bradley

As discussed above, Plaintiff's claims center on Judge Ellington's decisions in two prior cases filed by Plaintiff. Plaintiff alleges no specific facts in support of any claim against either Attorney General Paxton or Clerk of Court Bradley. Indeed, Plaintiff provides no allegations to suggest that Attorney General Paxton or Clerk of Court Bradley: (1) participated in any unconstitutional or wrongful conduct against Plaintiff; (2) acted in any kind of supervisory capacity to direct or otherwise influence the rulings Judge Ellington renders in her cases. *See Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983) (holding that "[p]ersonal involvement is an essential element of a civil rights cause of action"). Accordingly, Plaintiff has failed to state a claim for relief against these defendants.

### F. Defendants Pfannstiel and Echavarry

Rather than raise allegations against Pfannstiel and Echavarry, Plaintiff specifically challenges Judge Ellington's decision to grant summary judgment in favor of Pfannstiel and Echavarry, two defendants sued in Case No. 2:17-CV-48. Moreover, to the extent Plaintiff seeks to reassert his claims against these defendants, he may not do so

in this case. Court records reveal that Case No. 2:17-CV-48 remains pending in this Court as other claims have survived past the summary judgment stage. When a final judgment is reached in Case No. 2:17-CV-48, Plaintiff may seek to appeal to the Fifth Circuit Court of Appeals this Court's rulings dismissing his claims against Defendants Pfannstiel and Echavarry. Accordingly, Plaintiff's claims against Defendants Pfannstiel and Echavarry are subject to dismissal.

## V. CONCLUSION

For the reasons stated above, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), **IT IS ORDERED** that Plaintiff's claims against Defendants are **DISMISSED** with prejudice as frivolous and/or for failure to state a claim for relief. **IT IS FURTHER ORDERED** that this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED and ORDERED this 30th day of October 2019.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE