Case 2:19-cv-00302   Document 15   Filed on 01/30/20 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 30, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JARVIS DUGAS, § § Plaintiff, § VS. § § THE UNITED STATES OF AMERICA, *et al*, § § § Defendants. § | CIVIL ACTION NO. 2:19-CV-302 |

# MEMORANDUM AND RECOMMENDATION
## TO DENY PLAINTIFF'S MOTIONS

Plaintiff Jarvis Dugas, who is a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are a series of motions and objections filed by Plaintiff. (D.E. 9, 10, 11, 12).

**I.   BACKGROUND**

Plaintiff is currently housed at the Jester IV Unit in Richmond, Texas. He has sued the following defendants in his complaint: (1) the United States of America; (2) the State of Texas; (3) The Judicial System for Texas; (4) the Southern District of Texas Court House; (5) Ken Paxton, Attorney General of the State of Texas; (5) Magistrate Judge B. Janice Ellington; (6) Erick Echavarry; (7) Donna Pfannstiel; and (8) David J. Bradley, Clerk of Court for the Southern District of Texas. Plaintiff's allegations arose primarily in connection with his dissatisfaction over Magistrate Judge B. Janice

Ellington's rulings and recommendations issued in two prior civil rights cases filed by him, *Dugas v. Quintero, et al,*, 2:17-CV-48 and *Dugas v. The State of Texas, et al.*, 2:19-CV-16.

Plaintiff alleged that Judge Ellington's decisions in Case No. 2:17-CV-48 were erroneous and deprived him of a fair trial. He specifically challenged the decision to grant summary judgment in favor of Pfannstiel and Echavarry, two defendants sued in Case No. 2:17-CV-48. With regard to Case No. 2:19-CV-16, Plaintiff disagreed with Judge Ellington's rejection of his claims at the screening stage. Plaintiff sought injunctive and monetary relief.

On October 30, 2019, District Judge David Morales entered an Order dismissing Plaintiff's claims against Defendants with prejudice. (D.E. 8). In that Order, Judge Morales determined that: (1) Defendants Ellington and the United States are immune from suit; (2) Plaintiff's claims against the State of Texas and the Judicial System for Texas are barred by the Eleventh Amendment, and (3) Plaintiff has otherwise failed to state a claim for relief against all named Defendants. (D.E. 8, pp. 4-9). Judge Morales further concluded that the dismissal of this case counts as a strike for purposes of 28 U.S.C. § 1915(g). (D.E. 8, p. 9).

Plaintiff subsequently has filed a series of motions and objections to the October 30, 2019 Order. (D.E. 9, 10, 11, 12). In each of these pleadings, Plaintiff expresses his disagreement with the Court's decision to dismiss his case. The undersigned construes them, therefore, as seeking reconsideration of the October 30, 2019 Order.

## II.     DISCUSSION

No final judgment has been entered in this case. Nevertheless, "[a] motion seeking reconsideration of a judgment or order is generally considered a motion to alter or amend a judgment under [Federal Rule of Civil Procedure] Rule 59(e) if it seeks to change the order or judgment issued." *T-M Vacuum Products, Inc. v. TAISC, Inc.*, No. H-07-4108, 2008 WL 2785636, *2 (S.D. Tex. 2008). Accordingly, the undersigned will analyze Plaintiff's motions for reconsideration using the same criteria applicable to a motion to alter or amend the judgment pursuant to Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment," *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004), and thus "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "Like a motion under Rule 59(e), a motion to reconsider may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised before the entry of the judgment or order." *T-M Vacuum Products, Inc.*, 2008 WL 2785636, at *2 (citation omitted).

Plaintiff has presented nothing in any of his various pleadings seeking reconsideration of the October 30, 2019 Order to show that the Court committed manifest legal error in dismissing Plaintiff's claims with prejudice. Plaintiff primarily attacks the various orders and recommendations issued by Judge Ellington in Case Nos. 2:17-CV-48 and 2:19-CV-16. However, Plaintiff provides no argument to warrant reconsideration of Judge Morales's conclusion that Judge Ellington is entitled to absolute judicial immunity.

The arguments Plaintiff seeks to advance in his pleadings fail to address in any logical or coherent fashion any of the conclusions set forth in the October 30, 2019 Order. Furthermore, Plaintiff persists in attempting to restate arguments and claims originally raised in Case Nos. 2:17-CV-48 and 2:19-CV-16. Plaintiff is reminded that he may not seek to reassert any claims that have been raised and considered in his prior cases. In sum, Plaintiff has presented nothing to call into question the Court's October 30, 2019 Order dismissing this case.

## III.   CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's various pleadings, construed as motions for reconsideration (D.E. 9, 10, 11, 12), be **DENIED**.

Respectfully submitted this 30th day of January 2020.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).