UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JARVIS DUGAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-302 |
| | § | |
| THE UNITED STATES OF AMERICA, *et* | § | |
| *al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER STRIKING PLAINTIFF'S AMENDED COMPLAINT
## AND DENYING PLAINTIFF'S MOTION FOR LEAVE
## TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT

Plaintiff Jarvis Dugas, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Amended Complaint (D.E. 13) and Motion for Leave to File an Amend Complaint and Supplemental Complaint (D.E. 14).

Plaintiff is currently housed at the Jester IV Unit in Richmond, Texas. He has sued the following defendants in his complaint: (1) the United States of America; (2) the State of Texas; (3) The Judicial System for Texas; (4) the Southern District of Texas Court House; (5) Ken Paxton, Attorney General of the State of Texas; (5) Magistrate Judge B. Janice Ellington; (6) Erick Echavarry; (7) Donna Pfannstiel; and (8) David J. Bradley, Clerk of Court for the Southern District of Texas. Plaintiff's allegations arose primarily in connection with his dissatisfaction over Magistrate Judge B. Janice

Ellington's rulings and recommendations issued in two prior civil rights cases filed by him, *Dugas v. Quintero, et al,*, 2:17-CV-48 and *Dugas v. The State of Texas, et al.*, 2:19-CV-16.

Plaintiff alleged that Judge Ellington's decisions in Case No. 2:17-CV-48 were erroneous and deprived him of a fair trial. He specifically challenged the decision to grant summary judgment in favor of Pfannstiel and Echavarry, two defendants sued in Case No. 2:17-CV-48. With regard to Case No. 2:19-CV-16, Plaintiff disagreed with Judge Ellington's rejection of his claims at the screening stage. Plaintiff sought injunctive and monetary relief.

On October 30, 2019, District Judge David Morales entered an Order dismissing Plaintiff's claims against Defendants with prejudice. (D.E. 8). In that Order, Judge Morales determined that: (1) Defendants Ellington and the United States are immune from suit; (2) Plaintiff's claims against the State of Texas and the Judicial System for Texas are barred by the Eleventh Amendment, and (3) Plaintiff has otherwise failed to state a claim for relief against all named Defendants. (D.E. 8, pp. 4-9). Judge Morales further concluded that the dismissal of this case counts as a strike for purposes of 28 U.S.C. § 1915(g). (D.E. 8, p. 9).

On October 15, 2019, the undersigned granted Plaintiff's application to proceed *in forma pauperis*. (D.E. 7). In that order, the undersigned instructed Plaintiff that "[n]o amendments or supplements to the complaint will be filed without prior court approval" and that "[a] completed amended complaint will be attached to any motion to amend." (D.E. 7, ¶ 7).

On January 27, 2019, Plaintiff filed his Amended Complaint (D.E. 13) and Motion for Leave to File an Amended Complaint and Supplemental Complaint. (D.E. 14). As part of his motion for leave, Plaintiff has included allegations against the United States and Senior District Judge Hilda G. Tagle. (D.E. 14). It is unclear whether Plaintiff intends these allegations to comprise a separate proposed Supplemental Complaint. Nevertheless, Plaintiff has not attached a completed Supplemental Complaint to the motion. Thus, with respect to Plaintiff's attempt to file a Supplemental Complaint, he has not complied with the instructions set forth in the October 15, 2019 Order.

Plaintiff has submitted a completed Amended Complaint (D.E. 13) along with his motion seeking leave to amend. In his proposed Amended Complaint, Plaintiff seeks to sue the following defendants in his complaint: (1) the United States of America; (2) the State of Texas; (3) The Judicial System for Texas; (4) the Southern District of Texas Court House; (5) Magistrate Judge B. Janice Ellington; (6) Judge Tagle; and (7) David J. Bradley, Clerk of Court for the Southern District of Texas.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Determining when justice requires permission to amend rests within the discretion of the trial court. *Zenith Radio_Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). A federal court has discretion to deny a motion to amend when that amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th

Cir. 1999). "An amendment is futile if it would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Plaintiff's proposed Amended Complaint fails to cure any of the deficiencies explained by Judge Morales in the October 15, 2019 Order. Plaintiff primarily attacks the decisions rendered by both Judge Ellington and Judge Tagle in Plaintiff's prior cases. These defendants, however, are entitled to absolute judicial immunity with respect to their judicial actions. Plaintiff otherwise has failed to state a claim for relief against any of the named Defendants. To the extent that Plaintiff seeks to raise claims under the Americans with Disabilities Act (ADA) against any defendant, such claims are conclusory and without any basis. Lastly, it would be futile for Plaintiff to raise any state law claims in his Amended Complaint as this Court would decline to exercise supplemental jurisdiction over those claims in the absence of any actionable federal claims.

Accordingly, Plaintiff's motion seeking leave to amend and supplement his complaint (D.E. 14) is **DENIED** because: (1) he has failed to attach a completed Supplemental Complaint to his motion; and (2) the amendments contained in his proposed Amended Complaint are futile. The undersigned further **STRIKES** Plaintiff's Amended Complaint from the record.

ORDERED this 30th day of January 2020.

Jason B. Libby
United States Magistrate Judge