Case 2:19-cv-00302   Document 38   Filed on 06/28/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 28, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JARVIS DUGAS, § § Plaintiff, § VS. § THE UNITED STATES OF AMERICA, *et al*, § § § Defendants. § | CIVIL ACTION NO. 2:19-CV-302 |

### MEMORANDUM AND RECOMMENDATION
### TO DENY PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Jarvis Dugas, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. On October 30, 2019, District Judge David S. Morales dismissed Plaintiff's claims with prejudice as frivolous and for failure to state a claim. (D.E. 8). Final judgment was entered on February 21, 2020. (D.E. 19). Plaintiff has filed a notice of appeal. (D.E. 23, 26). On June 15, 2021, the undersigned denied Plaintiff's motion to appoint him counsel. (D.E. 34).

Pending before the Court is Plaintiff's motion seeking reconsideration pursuant to either Rule 59(e) or Rule 60(b). (D.E. 36). Plaintiff's motion is dated June 7, 2021. A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). Because Plaintiff did not

file his motion within 28 days after entry of final judgment, it is treated as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Plaintiff's motion is liberally construed as one seeking relief under Rule 60(b)(6), which provides that a Court may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This relief will be granted only if "extraordinary circumstances" are present. *See Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995).

Plaintiff presents no extraordinary circumstance to warrant Rule 60(b) relief in this case. Plaintiff primarily seeks to supplement his complaint with additional claims. However, as a final judgment has been entered in this case, Plaintiff cannot seek to supplement or amend his complaint at this time. Lastly, the undersigned has already denied Plaintiff's motion to appoint counsel, and he presents nothing to cause the undersigned to reconsider that decision.

Accordingly, it is respectfully recommended that Plaintiff's motion for reconsideration, construed as a Rule 60(b) motion (D.E. 36), be **DENIED**.

Respectfully submitted this 28th day of June, 2021.

                                          Jason B. Libby
                                  United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).